The third case for argument this morning is the Conway Family Trust v. CFTC. Mr. Connors, good morning, Your Honors. First of all, petitioners contend that the standard of review here is de novo, as cited in the brief. The issues in this case of statute of limitations, tolling, and the correctness of a motion for summary judgment are things which are commonly encountered by the courts, and we believe de novo therefore applies. My clients filed their arbitration initially with the National Futures Association. They filed within the two years required by the NFA. However, there is a boilerplate customer agreement between my clients and Dorman Trading that provides for a one-year statute of limitations. That's at Joint Appendix, page 30, and you'll note that that is page 9 of the agreement. And that paragraph's buried in the customer agreement. The arguments have been made that my clients should have taken the opportunity to amend their complaint, seek reconsideration, or seek court review of the NFA finding that the one-year statute applied. However, there are no provisions in the NFA Code of Arbitration to file a motion for reconsideration. And in fact, there would have been no grounds because the issues were simple. The fact that- Counsel, you need to be aware that this is not a collateral attack on the decision of the National Futures Association, right? You're here seeking review of the Commission's decision, not of the Association's decision. I am. But the Commission's decision is based in large part, if you read the order attached to the brief that's the subject of this appeal, in large part on my client's failure to avail themselves of those opportunities. No. It's based on the fact that your client did not file the reparations proceeding within two years, which has nothing to do with the National Futures Association. It would have been quite simple to file within two years, to file in the Futures Association simultaneously and then elect remedies. It would have been simple to file the Futures Association immediately after the loss. It took a year for the Futures Association to make its decision. And then your client would have had an entire year to seek review before the CFTC. And the fact that- But the only reason the CFTC gave for deciding this case was that the complaint seeking reparations is untimely. And they rejected the equitable tolling argument that we made. And one of the basis for that was my client's inability to seek court review or motion for reconsideration. That was cited on its joint- Yes. And the- I hope you heard what I just said. Any time in the two years allowed, your client could have sought, could have initiated a reparations proceeding. And he chose not to. So why would there be tolling? What prevented the filing of a reparations proceeding during those two years? Well, they could not have obviously filed both with the C- reparations with the CFTC and the NFA. Oh, you obviously could have done both. But you would have needed to elect. That's what the rules of the Futures Association provide. And- But there's no problem with filing within two years. Absolutely none that I can see and none that your brief gives. Your brief doesn't explain why you waited almost two years to file before the Futures Association when you could have filed before the CFTC. Well, I think the reason for that is explained by the public policy cited, for instance, in the Stephen versus Goldinger case. The entire purpose of a two-year statute of limitations under the Commodity Exchange Act and the reason why FINRA and other such bodies reject efforts to shorten the limitations period from two years down to one- I would appreciate it. And I bet my colleagues would appreciate it if you would speak in English. I happen to know what FINRA is. The number of people in this courtroom who know that may be small. It may be just two of us, maybe my colleagues know. It's really important when arguing to a generalist court to use normal words instead of initialisms. Your Honor, the policy behind not allowing people to shorten the statute of limitations from two years to one or whatever is that, as described in the Stephen case, there is very limited discovery and it's recognized- You're now back to your collateral attack on the Futures Association's decision. You really need to explain why you took more than two years to file before the CFTC and what prevented a timely filing of a reparations proceeding. You haven't explained to me anything that prevented action within two years. Clearly, my client could have chosen to file first a reparations complaint. That was one of their options, but it's similar like in the Burnett case. Just because someone chooses to file a FELA claim in state court and it turns out to be improper- A what claim in state court? You missed it. You're not supposed to use initials. Could you really use English words? I'm still in law. Okay. Because I'm now totally lost about what you're talking about. The filing of a case, any case in state court, and if it turns out to be the improper venue and then it's refiled in federal court, district court as a proper venue, could involve any federal question jurisdiction. The Burnett case, the Supreme Court case says that you should, the statute of limitations is equitably told during the pendency of the state court action. And we believe it's analogous that in our case, there was, the doorman was put on notice by the filing of the NFA arbitration claim and they clearly had, and it wasn't my client's doing that it took a year to have the statute of limitations decided against him in that case, but it's a matter of, my clients could have filed with the CFTC, but they didn't, just like any other choice made where there's alternative forms. The policy behind equitable tolling is that doorman was put on notice. They were aware from the get-go that these claims were being made. They actually participated in the NFA arbitration that went forward against the introducing broker, Blue Ridge Futures. And all of the policies of statute of limitations, you know, stale claims, not being put on notice to defend yourself, don't apply here. And that's what the Burnett case found. The law provides a remedy for situations in which the statute of limitations is, the policies behind it do not apply. And I'd like to reserve whatever time I have for rebuttal. Certainly, counsel. Ms. Connelly. May it please the court, Mary Connelly for the Commodity Futures Trading Commission. Your honors, nothing prevented the Conway Trust from timely filing a reparations complaint with the commission. The trust has not alleged any grounds. There are none. And under case after case, many, many cases in the Supreme Court, this court's decisions in Carpenter, Williams v. Sims, countless decisions in this court and other courts, there must be extraordinary circumstances beyond the control of the plaintiff that stand in the way of timely filing a complaint. And there are no such circumstances here. As this court held in Carpenter, extraordinary circumstances is something that is virtually insurmountable. And it certainly doesn't exist here where there's not even any argument that's made. Rather, what the plaintiff does is the plaintiff, I'm sorry, Conway Trust, collaterally attacks the decision of the National Futures Administration dismissing his arbitration claim as untimely. That is the sole basis for the equitable tolling argument for the entire appeal in this case. And as this court has held in Slaney, as the Supreme Court held in Celotex, a collateral attack on a decision of a court or an arbitrator cannot be the basis for a new claim or an attack on the judgment in another forum. The plaintiff— Does that conclude your argument? Unless the court has any questions, that does conclude my argument. Thank you. Thank you, Ms. Connelly. Anything further, Mr. Connors? Yes, briefly, Your Honor. Even without collaterally attacking the decision of the NFA panel, we submit that the decision was not an adjudication on the merits. My clients had no opportunity to collaterally attack that NFA decision because the limited situations in which they could have sought court review were not present. I think you're confusing direct and collateral review. You had no opportunity for direct review, but you are trying to engage in collateral review. Right. We had—well, in theory, everybody has an opportunity for a direct attack if there's corruption, fraud, et cetera, under the Federal Arbitration Act, but none of those applied here. As far as collaterally attacking, even if you were to say that the NFA's decision was proper, there should still be equitable tolling because that decision was not an adjudication on the merits. It was a dismissal essentially based on the fact that the NFA form was not available because the one-year statute applied. However, it's crystal clear that no matter what, the two-year statute of limitations applies for a reparations complaint. Thank you. Thank you very much. The case is taken under advisement.